UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Norman Hoewischer ,

        Plaintiff,

vs.                              Case No.  3:11-cv-264-J-34MCR

Behzad Khazraee,

        Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application for Attorney Fees,

Costs, and Litigation Expenses (Doc. 38) filed November 14, 2012.  Defendant filed a

response in opposition to this Application (Doc. 40) on November 26, 2012.  The Court,

having considered the Application and the attachments thereto as well as Defendant's

response, and being otherwise advised in the premises, recommends Plaintiff's

Application be granted in part.

## I.  BACKGROUND

On March 16, 2011, Plaintiff filed a complaint under Title III of the Americans with

Disabilities Act (the "ADA") alleging Plaintiff encountered barriers to access at

Defendant's business.  (Doc. 1).  After mediation, the parties reached a settlement.

---

[1]     Any party may file and serve specific, written objections hereto within FOURTEEN
(14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party
from a de novo determination by a district judge of an issue covered herein and from attacking
factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule
6.02(a), United States District Court for the Middle District of Florida.

Unfortunately, the parties were not able to agree on an amount for attorneys' fees and expenses.  As such, on October 10, 2012, the parties filed a Stipulation for Voluntary Dismissal Without Prejudice asking the Court to retain jurisdiction to rule on Plaintiff's petition for attorneys' fees.  (Doc. 34).  On October 15, 2012, Judge Howard entered an Order directing administrative closure of the case and retaining jurisdiction to rule on the matter of attorneys' fees.  (Doc. 35).  On November 14, 2012, Plaintiff filed the instant application for attorneys' fees.  (Doc. 38).  Judge Howard entered an Order (Doc. 39) referring the matter to the undersigned for preparation of a Report and Recommendation.

## II.  ANALYSIS

Plaintiff seeks $6,370.00 in attorneys' fees and $2,667.82 in costs (which includes $1,951.08 in expert fees, $69.24 in postage, $350.00 for the filing fee, $90.00 for service of process, and $207.50 for the mediator's fee). (Doc. 38, pp. 2-3). Defendant objects that the amounts of both attorneys' fees and costs are unreasonable.

## A.   Attorneys' Fees

In determining the amount of attorney's fees to be awarded, a court follows a three-step process:

> First, a court asks if the plaintiff has 'prevailed' in the statutory sense. ...  Second, the court calculates the 'lodestar,' which is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area. ... Finally, the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done.

Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000).  "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable."  Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (citing Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).

In the instant case, the parties do not contest that Plaintiff is a prevailing party under the ADA.  Accordingly, the Court will proceed to determine the amount of attorneys' fees to be awarded.  In the Eleventh Circuit, attorneys' fees are calculated under a "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

### 1.      Reasonable hourly rate

An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 1547 n. 11 (1984)).  A reasonable number of hours spent should exclude those hours which are excessive, redundant, or otherwise unnecessary.  Id. at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933 (1983)).  As the Eleventh Circuit noted:

> "the court .... is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

In the present case, Plaintiff was represented by attorney Todd W. Shulby.  Mr. Shulby seeks compensation at an hourly rate of $350.00.  See (Doc. 38-A).  As noted above, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."  Norman, 836 F.2d at 1299.  "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence."  Id.  "It is perfectly proper to award attorney's fees based solely on affidavits in the record."  Id. at 1303.  Plaintiff has not offered any evidence of the prevailing market rate in Jacksonville for Title III ADA cases of this type, and thus has not met his burden of showing the reasonableness of his requested rate.  Indeed, Plaintiff has not submitted any affidavit or declaration from an independent attorney regarding a Jacksonville market rate.  Based on the undersigned's review of the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation, the undersigned believes $300 per hour is a reasonable rate for Mr. Shulby's work.[2]

---

[2]    See  Access for the Disabled, Inc. v. Osceola Enters. of Kissimmee, Inc., 2010 WL 2889876, *6 (M.D. Fla. July 1, 2010) (recommending a rate of $300.00 per hour), rejected on other grounds, 2010 WL 2889823 (M.D. Fla. July 22, 2010); Raetano v. Shehu, 2009 WL 5067756 (M.D. Fla. Dec. 17, 2009) (in a case where the defendant was defaulted, the Court found that a reasonable hourly rate for Mr. Shulby was $300.00 per hour); Harty v. Nikita Hotels, 6:10-cv-1322-Orl-31DAB (M.D. Fla. August 8, 2011) (awarding Plaintiff's attorneys $300.00 per hour); see also  Hoewischer v. T.F. Cowart, TR, 3:12-cv-365-J-MMH-MCR (Doc. 33) (the undersigned recently recommended that Mr. Bacon, an attorney with similar expertise in ADA claims, be awarded $300 per hour).

### 2.     Reasonable number of hours

Plaintiff seeks payment for 18.2 hours of work by Mr. Shulby.  See (Doc. 38-A).

As noted above, a prevailing party is entitled to reasonable compensation for time

reasonably spent in litigating the fee petition.  Martin v. University of South Alabama,

911 F.2d 604, 610 (11th Cir.1990) (citations omitted).  The reasonable number of hours

expended are those hours which the court finds were reasonably spent in attaining the

result for the client.  See Norman, 836 F.2d at 1305.  Upon thorough review of the billing

ledger (Doc. 38-A), the undersigned finds that time entries were necessarily and

reasonably spent in litigating and settling this action.

## B.     Costs

Plaintiff also seeks reimbursement for numerous costs.  Specifically, Plaintiff

seeks $1,951.08 in expert fees, $69.24 in postage, $350.00 for the filing fee, $90.00 for

service of process, and $207.50 for the mediator's fee.  The Court will address each of

these requests.  See (Doc. 38-A, B).

The Court believes the expert fee is excessive.  First, the undersigned believes

Mr. Ricci's rate of $185.00 is excessive.  The Court notes numerous cases in this district

where Mr. Ricci was permitted an hourly rate of $150 per hour.  See Raetano v.

Macasson, Inc., No. 8:08-cv-275-T-23AEP (M.D. Fla. May 24, 2010) (citing additional

cases); Raetano v. GGK, LLC., No. 8:07-cv-1543-T-30EAJ, 2008 WL 2025292, *3 (M.D.

Fla. May 9, 2008).  Accordingly, the undersigned recommends reducing Mr. Ricci's rate

to $150.00 per hour.

With respect to the actual time billed by Mr. Ricci, the Court finds the time expended to be reasonable.  See (Doc. 38-B).  Accordingly, the Court recommends payment of 10.5 hours of time at a rate of $150.00 or $1,575.00 plus $8.58 for copies[3] for a total payment of $1,583.58 for expert fees.

 As for the remaining costs, the filing fee, costs of service of process, and postage are allowable under the statutes to the extent reasonable.  See 28 U.S.C. § 1920.  However, the amount for service of process must be reduced.  "'Private process server fees may be taxed pursuant to  §§ 1920(1) and 1921 as long as they do not exceed the statutory fees authorized in  § 1921.'"  Missouri Mart, Inc., 2006 WL 5432711, *4 (quoting Equal Employment Opportunity Commission v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000)).  The United States Marshal's fee for serving a subpoena or summons under 28 U.S.C. § 1921 is $55.00 per witness.  Accordingly, the undersigned finds that a total of $55.00 for the process server's fee is taxable.

Plaintiff also seeks reimbursement in the amount of $207.50 for payment for mediation services.  Mediation fees are not expenses enumerated within 28 U.S.C. § 1920, and Plaintiff has cited no legal authority to warrant taxing Defendant with the cost of mediation.  Missouri Mart, Inc., 2006 WL 5432711, *4 (citing George v. GTE Directories Corp., 114 F.Supp.2d 1281, 1300 (M.D. Fla. 2000) (which refused to tax mediation costs when prevailing party cited no legal authority to justify such an expense)).  Thus, it is recommended that Plaintiff's request that the mediation fee of $207.50 be taxed to Defendant be denied.

---

[3]     The cost of necessary copies is allowable under the statutes.  See 28 U.S.C. § 1920.

Based on the above, the undersigned recommends Plaintiff be awarded costs in the amount of $2,057.82 ($1,583.58 for expert fees, $69.24 for postage, $350.00 for the filing fee, and $55.00 for service of process).

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Application for Attorney Fees, Costs, and Litigation Expenses (Doc. 38) be **GRANTED in part and DENIED in part** and Plaintiff be awarded: 1) $5,460.00 in attorneys' fees; 2) $2,057.82 in costs for a total award of $7,517.82.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this _6th_ day of December, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record
*Pro Se* Defendant